**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Tyre, Appellant.

Appellate Case No. 2010-177286

───────────────

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

───────────────

Unpublished Opinion No. 2013-UP-286
Heard June 5, 2013 – Filed June 26, 2013

───────────────

**AFFIRMED**

───────────────

Appellate Defenders Breen Richard Stevens and Carmen Vaughn Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, for Respondent.

───────────────

**PER CURIAM:** Appellant David Tyre seeks review of his convictions for homicide by child abuse and infliction of great bodily injury upon a child. Appellant challenges the trial court's denial of his motion to sever the charges as well as the denial of his motion for a directed verdict on the charge of infliction of great bodily injury upon a child. We affirm.

1. As to Appellant's motion to sever the charges, the trial court did not abuse its discretion in denying the motion. *See State v. Caldwell*, 378 S.C. 268, 277, 662 S.E.2d 474, 479 (Ct. App. 2008) ("A motion for severance is addressed to the sound discretion of the trial court and the court[']s ruling will not be disturbed on appeal absent an abuse of that discretion." (citation omitted)); *id.* at 277-78, 662 S.E.2d at 479 ("Criminal charges can be tried together where they (1) arise out of a single chain of circumstances, (2) are proved by the same evidence, (3) are of the same general nature, and (4) no real right of the defendant has been prejudiced." (citation omitted)); *id.* ("Where the offenses charged in separate indictments are of the same general nature involving connected transactions closely related in kind, place and character, the trial judge has the discretionary power to order the indictments tried together if the defendant[']s substantive rights would not be prejudiced." (citations omitted)).

Here, the two charges, i.e., homicide by child abuse and infliction of great bodily injury upon a child, are of the same general nature. Further, the trial court properly ruled that the two alleged offenses arose out of a single chain of circumstances because they were connected events. These events involved the same victim at the same location, and Appellant was the only adult present during both incidents. Moreover, in an attempt to perpetuate his false claim that Victim's arm fracture resulted from her rolling out of her bed, Appellant himself connected the arm fracture incident with the head trauma incident. Appellant asked the physician treating Victim's head trauma if the trauma could have resulted from her rolling out of a bed.

Appellant argues that his rights were unfairly prejudiced because evidence of the first incident resulting in Victim's arm fracture would have been excluded as improper propensity evidence in a separate trial for the second incident resulting in Victim's death. We disagree. At trial, Appellant contested the "extreme indifference" element of homicide by child abuse,[1] which is "a mental state akin to

---

[1] Section 16-3-85 of the South Carolina Code (2003) provides, in pertinent part, that a person is guilty of homicide by child abuse if the person causes the death of a child under the age of eleven while committing child abuse or neglect, and the

intent characterized by a deliberate act culminating in death." *State v. Jarrell*, 350 S.C. 90, 98, 564 S.E.2d 362, 367 (Ct. App. 2002).

Evidence of other crimes, wrongs, or acts is admissible under Rule 404(b), SCRE to show intent.  Appellant's infliction of Victim's arm fracture was relevant to Appellant's intent during his commission of the acts resulting in Victim's death.  Additionally, Appellant's false claim about the cause of Victim's fracture, and his perpetuation of this falsity after Victim arrived at the emergency room with head trauma, was relevant to Appellant's intent during both incidents.  *See* Rule 401, SCRE (defining "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); *cf. State v. Martucci*, 380 S.C. 232, 252-53, 669 S.E.2d 598, 609 (Ct. App. 2008) (holding that the defendant's prior abuse of the victim and his attempt to conceal the abuse was admissible as proof of intent and the absence of accident with respect to the charge of homicide by child abuse).

Further, we reject Appellant's implication that the State was required to prove the intent element of infliction of great bodily injury upon a child *before* the two charges could be tried together.  "[I]n determining joinder, the trial judge need not find clear and convincing evidence of the charges." *State v. Cutro*, 365 S.C. 366, 374, 618 S.E.2d 890, 894 (2005).  "In the context of the joinder of charges for a jury trial, . . . procedural safeguards are already in place that eliminate the need for preliminary fact-finding by the trial judge." *Id.* at 375, 618 S.E.2d at 894.[2]

Finally, much of the evidence produced at trial pertained to both charges.  The same family members were involved in both incidents and the same police detective took Appellant's statement covering both incidents.  Further, Dr. Sahhar's recitation of Victim's medical history had relevance to both incidents, as it indicated Victim had been treated at the same emergency room for both the

---

death occurs under circumstances manifesting an extreme indifference to human life.

[2] Moreover, "[t]he defendant may argue unfair prejudice *if*, after the State's case, the trial judge determines that a directed verdict should be granted." *Cutro*, 365 S.C. at 375, 618 S.E.2d at 894 (emphasis added).  "*If* the trial judge finds there is no substantial evidence to submit any one of the joined charges to the jury, the defendant may move for a mistrial on the basis of unfair prejudice resulting from joinder." *Id.* (emphasis added).

fracture and the head trauma.  Notably, Dr. Sahhar stated that Victim had no diseases of the bones that would cause them to fracture easily.

Based on the foregoing, the trial court acted well within its discretion in denying Appellant's motion to sever the charges.

2.  As to the directed verdict motion, the trial court properly denied the motion. *See State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) (holding that in evaluating a directed verdict motion, the court must view the evidence in the light most favorable to the State); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (holding that this court may reverse the trial court's denial of a directed verdict motion only if there is no evidence to support the trial court's ruling); *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

Appellant argues there existed no evidence that Victim's arm fracture caused protracted loss or impairment of the arm's functioning.[3]  We disagree.  The physician who performed Victim's autopsy, Dr. John Wrenn, testified that he found a healing contusion on Victim's right arm with an underlying fracture of her humerus.  Dr. Wrenn also stated that x-rays had been taken of Victim's right arm, which showed a fracture below the shoulder but above the elbow.  Further, one of Victim's nurses testified that Victim's treating physician ultimately had to bind her right arm against her midsection with an ace bandage to keep the arm immobilized for the purpose of letting it heal.

In the light most favorable to the State, all of this evidence, taken together, was sufficient to prove that the fracture Appellant inflicted on Victim caused protracted impairment of the right arm's functioning.  *See Odems*, 395 S.C. at 586, 720 S.E.2d at 50 (holding that in reviewing a ruling on a directed verdict motion, this court must view the evidence in the light most favorable to the State).  Therefore, this fracture fell within the definition of "great bodily injury" in section 16-3-95 of the South Carolina Code (2003).  Appellant's argument that Victim was still able to

---

[3] Section 16-3-95 of the South Carolina Code (2003) provides that it is unlawful to inflict great bodily injury upon a child.  Subsection (C) of the statute defines "great bodily injury" as bodily injury that creates "a substantial risk of death or which causes serious or permanent disfigurement, or *protracted loss or impairment of the function of any bodily member* or organ." (emphasis added).

move the right arm and "could escape from her bandage on her own" is based on the premise that keeping the arm immobilized to allow for healing was unnecessary. Such a premise is unreasonable and is not supported by the record.

Based on the foregoing, the trial court properly submitted the charge of inflicting great bodily injury upon a child to the jury.

**AFFIRMED**.

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur**.